UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARVEL WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:17-cv-03859<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Darvel Williams ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Med-1 Solutions, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Indiana, Defendant conducts business in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Indiana.

5. Defendant Med-1 Solutions, LLC, is incorporated in Indiana with its principal place of business located at 517 US Highway 31 N., Greenwood, Indiana 46142 and its registered agent is William J. Huff located at the same address. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Indiana.

## FACTS SUPPORTING CAUSE OF ACTION

6. Prior to the events leading to this cause of action, Plaintiff incurred medical debt ("subject debt") and due to financial hardship, Plaintiff subsequently fell behind on payments towards the subject debt.

7. While the subject debt was in default, the subject debt was assigned or transferred to Defendant for collections.

8. Defendant began placing collection calls to Plaintiff's cellular telephone number (317) XXX-6729 attempting to collect on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. In or around February 2017, Plaintiff answered one of the phone calls placed by Defendant and advised Defendant that she cannot pay the subject debt and that the phone calls to her cellular phone are unacceptable.

11. Plaintiff further requested that Defendant remove Plaintiff's cellular phone number from Defendant's calling list.

12. Despite Plaintiff's requests, Defendant continued to place calls to Plaintiff's cellular phone.

13. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed no less than 80 harassing phone calls to Plaintiff's cellular phone between February 2017 and the present day.

14. Plaintiff requested that Defendant cease placing calls to her cellular phone on no less than 2 separate occasions.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

21. The phone numbers that Defendant most often uses to contact Plaintiff is (888) 323-0811, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

22. More recently, Defendant has placed calls to Plaintiff's cellular phone on the following dates and times[1]:

    i. September 11, 2017 at 9:16 a.m. from telephone number (888) 323-0811;

    ii. September 12, 2017 at 8:21 a.m. from telephone number (888) 323-0811;

    iii. October 4, 2017 at 8:39 a.m. from telephone number (888) 323-0811; and

    iv. October 19, 2017 at 3:19 p.m. from telephone number (888) 323-0811.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of

---

[1] This list of calls is not exhaustive and only reflects the most recent calls Plaintiff received on her cellular phone from Defendant after Plaintiff revoked consent to have calls placed on her cellular phone by Defendant.

concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

31. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on no less than two separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

36. Furthermore, Defendant has relentlessly called Plaintiff no less than 80 occasions in the course of less than 8 months. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692d

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

39. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 80 harassing phone calls to Plaintiff's cellular phone with calls taking place several times in one day, up to 2 times per day, using an automated telephone dialing system without Plaintiff's consent.

40. As pled above, Plaintiff was severely harmed by Defendant's conduct.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

42. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

43. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff DARVEL WILLIAMS respectfully requests that this Honorable Court:
a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

45. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

48. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

49. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

50. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

51. Defendant violated the TCPA by placing no less than 80 phone calls to Plaintiff's cellular phone between February 2017 and the present day, using an ATDS without her consent.

52. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least two separate occasions.

53. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

54. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

55. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

56. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

57. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DARVEL WILLIAMS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 24, 2017                                    Respectfully Submitted,

/s/ Marwan R. Daher                                        /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                      Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                    Sulaiman Law Group, Ltd
2500 South Highland Avenue                                 2500 South Highland Avenue
Suite 200                                                  Suite 200
Lombard, IL 60148                                          Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                         Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                     osulaiman@sulaimanlaw.com